UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| HOMERO CARBAJAL BARAJAS,<br>Petitioner,<br>v.<br>BRUCE SCOTT; MARKWAYNE MULLIN,<br>Respondents. | CASE NO. 2:26-cv-04083-JHC<br><br>ORDER |

This matter comes before the Court on Homero Carbajal Barajas's Second Petition for Writ of Habeas Corpus. Dkt. #1. For the reasons below, the petition is GRANTED.

Petitioner has been detained at the Northwest ICE Processing Center (NWIPC) in Tacoma, Washington since December 2025. *See* Dkt. # 1 at 2; *see also* Dkt. # 7 at 3. On February 5, 2026, Petitioner filed a petition for writ of habeas corpus in this District. *See Miguel Castulo-Cerro et al. v. Laura Hermosillo et al*., No. 2:26-cv-00437-TMC, Dkt. # 1. The Honorable Tiffany M. Cartwright granted the petition and ordered the Government to either release Petitioner or provide him with a bond hearing under 8 U.S.C. § 1226(a) within fourteen days of receiving a request for such a hearing. *See Castulo-Cerro v. Hermosillo*, 2026 WL 395324, at *3 (W.D. Wash. Feb. 12, 2026).

On October 7, 2026, Petitioner received a bond hearing before Immigration Judge John Odell. Dkt. # 1 at 4; *see also* Dkt. # 7 at 3. During the hearing, Petitioner presented "evidence concerning his nearly three decades of residence in the United States, longtime home ownership in Battle Ground, WA, established landscaping business and tax history, documented medical and emotional hardships of his U.S.-citizen daughter, lawful-permanent-resident mother, and wife, extensive church and Knights of Columbus involvement, strong community support, lack of criminal history, and pending BIA appeal." Dkt. # 1 at 4; *see also* Dkt. # 3 (copies of the evidence submitted in support of Petitioner's bond request). Based on the record currently before the Court, it appears that the Government's evidence at the hearing was: (1) Petitioner's Record of Deportable/Inadmissible Alien (Form I-213); and (2) an IJ Order from January 16, 2026, finding Petitioner removable and granting him voluntary departure. *See* Dkt. # 7 at 3; *see also* Dkt. # 9-3 (copy of "DHS Notice of Evidence"). It is unclear, however, what evidence and reasoning IJ Odell relied on in making his bond determination, as the Court has not been provided with a contemporaneous record of the hearing or a written memorandum explaining the bond decision.[1] *See generally* Dkt. Nevertheless, it is clear that IJ Odell denied bond at the conclusion of the hearing, with the box for "Respondent has failed to show that he is not a Flight Risk" checked on the October 7, 2026, Order. *See* Dkt. # 2 at 5.

Petitioner now brings this second habeas petition, arguing that he is in custody in violation of the Due Process Clause of the U.S. Constitution because IJ Odell's October 7, 2026 custody determination was arbitrary and constituted an abuse of discretion. *See generally* Dkt. # 1. On October 26, 2026, the Court ordered Respondents to show cause why a writ of habeas corpus should not be granted. *See* Dkt. # 4. Respondents have failed to do so. *See generally*

[1] Based on the parties' submissions, it also appears that the hearing was not recorded and that the IJ has yet to issue a written memorandum. *See, e.g.*, Dkt. ## 1 at 4, 7; 7 at 4, 9.

Dkt. # 7 (failing to respond to Petitioner's argument that the IJ abused his discretion in denying bond).

Instead, Respondents offer three arguments for why the Court should not review the petition: (1) the "Court should require prudential exhaustion"; (2) Petitioner did not "provide the evidence filed before the immigration court at his bond hearing" so the record is incomplete; and (3) Petitioner's requested relief would require the Court "to improperly weigh unseen evidence and substitute its judgment for that of the IJ." Dkt. # 7 at 4, 9. Such arguments fail.

First, courts in this District have repeatedly rejected the Government's argument that the Court should require prudential exhaustion in cases such as this one.[2] Second, Respondents' contention that "Petitioner failed to provide the evidence filed before the immigration court" is a blatant misstatement of the record. *See* Dkt. ## 2 & 3. Third, it is well established that a court can review an IJ's bond determination for abuse of discretion without improperly weighing evidence or substituting its judgment for that of the IJ, even in the absence of a contemporaneous record of the hearing or a written bond denial memorandum from the IJ.[3] And courts in this District have repeatedly rejected the Government's request to stay proceedings or otherwise delay review of valid habeas claims in order to wait for the IJ to issue a written memorandum justifying the bond denial.[4]

Respondents have thus failed to show why the petition should not be granted. And the Court does not find anything in the record that would suggest that the IJ considered the *Guerra* factors, engaged with Petitioner's evidence, or otherwise denied bond based on any reasonable,

---

[2] *See e.g.*, *Soriano v. Hernandez*, 830 F. Supp. 3d 1071, 1078–79 (W.D. Wash. 2026); *Roberts v. Scott*, 2026 WL 2071146, at *3–4 (W.D. Wash. July 17, 2026); *Vasquez Lopez v. Hernandez*, 830 F. Supp. 3d 1097, 1100–02 (W.D. Wash. 2026).

[3] *See, e.g.*, *W.T.M. v. Bondi*, 2026 WL 262583, at *4 (W.D. Wash. Jan. 30, 2026); *Lima Gamez v. Hernandez*, 2026 WL 1382362, at *5 (W.D. Wash. May 18, 2026).

[4] *See, e.g.*, *Sabillon Munoz v. Scott*, 2026 WL 2694273, at *4–5 (W.D. Wash. Sept. 14, 2026); *Lopez-Almonte v. Blanche*, 2026 WL 3269263, at *2 n.2 (W.D. Wash. Oct. 30, 2026).

non-arbitrary basis. *See generally* Dkt. Accordingly, Petitioner has shown by a preponderance of the evidence that he is "in custody in violation of the Constitution or laws or treaties of the United States" and is therefore entitled to habeas relief. *See* 28 U.S.C. § 2241(c). The Court thus GRANTS the Second Petition for Writ of Habeas Corpus (Dkt. # 1) and ORDERS Respondents to release Petitioner from custody within 24 hours, subject to reasonable conditions.

Dated this 17th day of November, 2026.

John H. Chun
United States District Judge